Our last case for oral argument this morning is 23-2374 United States v. Kowalski. Good morning, may it please the court, Ms. McCurry. My name is Bill Stanton. I represent Jan Kowalski in this appeal of the applicability of two sentencing enhancements and the concomitant reasonableness of her sentence. Jan pled guilty to concealing assets from a bankruptcy trustee. She concealed the assets of her brother Robert, who is no stranger to this court, by depositing funds into her Iolta bank account and then later withdrawing. In this appeal Jan contends that the sophisticated means enhancement under Guidelines Section 2B.1.1.B.10.C and the abuse of trust enhancement under Guidelines Section 3B.1.3 were erroneously applied. I'll start with Mr. Stanton, the application note specifically provides that hidden assets or transactions, hiding assets or transactions through the use of fictitious entities would satisfy this. And here the evidence shows that your assets of her brother through the use of a fictitious trust. Why isn't that sufficient? Judge, so... And used fictitious documents. Sure, the fictitious entities that the District Court commented upon were in relation to retention agreements and those entities were actually legitimate. They were her brother's companies that were involved in real estate investment and development and those retention agreements did not deal with any fictitious entities. Turning to the fictitious trust, as may become evident in the future, her brother Robert did all his business transactions via trust. He literally had dozens upon dozens of legitimate actual trust through which he operated his business transactions. There was one trust that was used for I think a $2,500 wire transfer for a property. That was fictitious, but the District Court found it was fictitious. It was fictitious from the from an aspect that it was a trust that had been established at one point but was not in good standing for paperwork reasons. It wasn't a trust that was created in connection with this offense. It was a trust that my client legitimately thought was good to 1% of the funds that were concealed here. It was later found out that that trust was no longer in good standing, but it wasn't something that was the genesis of it was in connection with this offense. It had been in good standing at one point but had lapsed for one reason or another. So I think the fact that my client used an IOLTA account as a red herring in this case any bank account with deposit withdrawal capabilities would have sufficed and the evidence showed that... But any other bank account you would not have been able to assert the attorney-client privilege to prevent the trustee from looking into it. And she wasn't able to assert it here. She tried. She did and I would submit that an IOLTA account is actually subject to greater eponymous and when my client used it she went into local branches on camera clear as day it was her and either deposited cashier's checks that named Robert Kowalski as the remitter and the remittee or took out cashier's checks in his name. So the concealment aspect there is just pretty weak because other than the fact that money was being shielded it wasn't any question or any surprise as to who that money was. It was Robert Kowalski. His name was right there in black and white on the cashier's checks. So I think the shielding assets from a bankruptcy trustee is inherent in the account that Jan pled guilty to. I don't think that it's greatly sophisticated. I think it's more of a run-of-the-mill fraud where the bankruptcy trustee wants to know all the assets of the debtor. The debtor then moves some assets to the name or to the account of someone else to try to escape or free those assets from being seized and distributed. If so under 3b 1.3 if the defendant abuses a position of trust or uses a special skill that significantly facilitates the offense a two-level increase is warranted and I'll again focus on the modifier here significantly. The government argues that the abuse of trust portion of this enhancement applies. Well Jan used no special skills or positions to deposit these checks into her accounts or withdraw the money. It was Robert who had the managerial discretion as to the disposition of these funds. Those funds were mostly deposited between August and October of 2018 and Jan didn't file an appearance on this case as a supplemental or co-counsel to Robert's initial bankruptcy attorney until November 26th of 2018. So the concealment at least as it relates to the bank deposits and withdrawals it had already basically occurred by that point. Now she's on the case as co-counselor as another attorney. January 8th the trustee files a motion asking that she be barred or forced to withdraw from the case and that motion is granted. Any testimony that she gives in any filings that she had made are disregarded. So over a period of approximately two months she's on the case and essentially the bankruptcy court says we're disregarding anything that you filed here. So I think it seems like the government's arguing that her status as a lawyer permits the de facto application of the abuse of trust enhancement here and I would submit that it doesn't. I think it's her combination of being a lawyer which we have said if you're a lawyer in a bankruptcy that you hold a position of trust but it's that combination with the fictitious documents, the lying to the bankruptcy court a couple times, the hiding the assets in the account. It's not just the fact that she's a lawyer. Yeah and I think the lawyer in Galeen who was playing both sides of the bankruptcy court, he represented the debtor as well as representing one of the significant creditors on the case. I think the application of the enhancement in that case was certainly appropriate because one, he specialized in bankruptcy. He had a fiduciary duty to the debtor that this conflict of interest. But we also found that Galeen as an officer of the court had a position to the bankruptcy court itself. Correct. And abused that by lying to the court. And I think the distinction here is that Jan's not a bankruptcy lawyer. She files an appearance in the bankruptcy proceeding essentially as a favor to her brother who already had a When she gives testimony, she's called by her brother's lawyer as a witness and when she files pleadings, it's in response to the trustee's motion that had previously been filed. Do you want to save your time for rebuttal? I do, thank you. Thank you, Mr. Stanton. Ms. McCurry? Good afternoon. Good afternoon and may it please the court, Maureen McCurry on behalf of the United States. This court should affirm the defendant's 37-month sentence in this case. The district court properly calculated the guideline range and including the sophisticated means two-level enhancement as well as the two-level enhancement for abuse of position of trust. The defendant then acted well within its discretion to in determining the appropriate sentence under the 3553A factors. First, with respect to the sophisticated means enhancement, the defendant's offense required a greater level of planning here than the normal fraud case and the sophistication in the concealment of the fraud and the coordination of many moving parts went above and beyond concealment inherent in the fraud. Here, not only did the defendant conceal more than $357,000 in an attorney trust fund, which I would submit is not a red herring here, as Judge the attorney trust account, the defendant used that account to assert the attorney-client privilege later throughout the pendency of the fraud. She also withdrew over $75,000 from that account for use in purchasing at least true properties for the benefit of her brother. One of those, as Your Honor pointed out, was a fictitious trust. She purchased 20 and redeposited a significant amount of that into her attorney trust account, working to obscure the origins of those funds. She later withdrew over $240,000 in cash from that attorney trust account and refused to divulge where she gave that money to. She persisted in concealing who she gave that money to even upon being held in contempt and jailed for not divulging that She doubled down on her lies and she said that those funds were stolen, even going so far as filing a false police report. The defendant testified under oath that the funds were not the property of the bankruptcy estate, but rather funds that she earned upon execution of retention agreements. And to further that testimony, she admitted exhibits including fraudulent and backdated retention agreements and client ledgers. All of this together shows a greater level of planning and the district court did not err in imposing that sophisticated means enhancement. With respect to abusive position of trust, as an attorney, the defendant did occupy a position of trust and she abused that, which significantly facilitated this offense. She used tools inherent in her client trust fund to shield funds. She filed a motion to quash subpoenas, seeking records from the attorney trust account, claiming that they were precluded by attorney-client privilege. In that motion to quash, she did indicate that she represented debtors in bankruptcy. As counsel pointed out, she did have expertise in bankruptcy as the attorney in Colleen. She also filed false pleadings stating that the funds in the trust account were never part of that bankruptcy. As the district court pointed out, these tools along with that cloak of credibility allowed the defendant to further the fraud in this case. Accordingly, the district court did properly apply the abuse of trust enhancement. There are no further questions. The government would ask that the court affirm the defendant's sentence in this case. Thank you. Thank you, Ms. McCurry. Mr. Stanton. Your Honors, I'll turn briefly to my third argument on appeal, which is the that the procedural reasonableness is not valid here because the guidelines were incorrectly calculated. Under our calculation of the guidelines without these enhancements, it would have been 24 to 30 months. The district court did impose a low end of the guidelines sentence, which would have been a 13 month swing here. And finally, the substantive defect by not adequately considering the 3553 factors as well as our main argument that guideline section 5h 1.6 departure provision for extraordinary family circumstances applied. It seems like the district court did recognize that there were extraordinary family circumstances here, but for whatever reason disregarded that and focused on the defendant's culpability and the fact that those circumstances were apparent or were evident or ongoing during the course of this fraud to decline to give them any weight or to even consider them. And it's our position that once that conclusion has been drawn that the extraordinary family circumstances exist, the district court then has to decide what weight, if any, to give those circumstances and how that would affect the sentence. Based on those three issues, your honors, we would ask you to reverse and I thank you for your time today. Thank you, Mr. Stanton. And Mr. Stanton, you were appointed to represent Ms. Kowalski. Thank you for taking the appointment and for your advocacy on behalf of your client. Thanks to the government as well and the court will take the case under advisement. We are now in recess.